

**T**HE **C**ITY OF **N**EW **Y**ORK
### LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

May 16, 2016

**VIA ECF**
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  <u>Jason B. Nicholas v. City of New York, et. al.</u>, 15 Civ. 9592 (JPO)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, NYPD Police Commissioner William Bratton, NYPD Deputy Commissioner for Public Information Stephen Davis and Det. Michael DeBonis, in the above-referenced matter.  I write in accordance with Your Honor's Order regarding the new "evidence" submitted by plaintiff at the oral argument on his pending application for a preliminary injunction, held on May 12, 2016.

It is defendants' position that all of the new "evidence" submitted by plaintiff at the oral argument is untimely and outside the scope of defendants' response.  As such, the Court should deny admission of such "evidence" on theses bases.

Should the Court decide to consider the new "evidence," none of it in any way changes the analysis submitted by defendants in their responsive papers or the outcome of the pending motion.  With respect to Exhibit D, the comments of the National Photographers Association, said comments are without foundation, are hearsay and irrelevant, and thus do not have any bearing on the issues before the Court.

With respect to Exhibit E, the purported e-mail sent by plaintiff to the defendant Det. DeBonis on December 1, 2015, this e-mail cannot in any way be construed to be a request for a hearing under §11-11(b) of Title 38 of the Rules of the City of New York.  In fact,

plaintiff's intent could not have been to request a hearing by virtue of that email, as he admitted during oral argument that he was not aware that such hearings were codified in the aforesaid Rules, nor that one could be requested and held.  In any event, if a hearing was requested and denied by virtue of that email, and no subsequent hearing conducted, which they were not, any remedy that plaintiff had to seek a hearing by way of appeal was pursuant to state law, and he apparently took no appeal.

       Plaintiff did not submit an Exhibit F during the oral argument.

       With respect to Exhibits G, H, and I, the Patrol Guide provisions, they are not relevant to the issues before the Court, though defendants do note that in the "Additional Data," on Exhibit I, "Incidents Involving Media Representatives, this patrol guide provision states that plaintiff's ability to cross police lines "does <u>not</u> include areas frozen for security reasons," which is exactly what plaintiff did.

       Plaintiff also submitted the affirmations of Brendan McDermaid and Dennis van Tine at the oral argument.  Neither affirmation refutes the fact that plaintiff was photographing from a frozen area, which is what caused his press card to be removed, as it was in violation of the terms of the press card that was issued to him, as well as the applicable Rules of the City of New York, as set forth in defendants' response papers.

       Finally, I wish to amend two of my answers to the Court's questions during the oral argument, having now consulted with my client.  First, although relatively infrequent, hearings have been conducted pursuant to §11-11 of Title 38 of the Rules of the City of New York in the past.  So, plaintiff's baseless assertion that no such hearings have been held in the past is incorrect.

       Second, the Commanding Officer of DCPI, referred to in §11-11(b) of Title 38 of the Rules of the City of New York, is neither the defendant Comm. Davis nor the defendant Det. DeBonis, but rather Deputy Inspector Ed Mullen at present.

       Thank you for your consideration herein.

                                          Respectfully submitted,

                                          /s/

                                          Mark D. Zuckerman
                                          Senior Counsel

cc:     Jason B. Nicholas (via ECF)