UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JASON B. NICHOLAS,

                         Plaintiff,

                            15-CV-9592 (JPO)

            -v-

                            OPINION AND ORDER

THE CITY OF NEW YORK, *et al.*,

                      Defendants.
----------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      Plaintiff Jason B. Nicholas, an independent photojournalist, filed this action *pro se* against Defendants William Bratton, Stephen Davis, Michael DeBonis, and the City of New York on December 8, 2015. (Dkt. No. 2.) Following an unsuccessful motion for emergency relief, the Court granted Nicholas leave to file an amended complaint. (Dkt. No. 48 ("FAC"); Dkt. No. 51.) Defendants then moved to dismiss the operative complaint, and this Court denied that motion. (Dkt. No. 85.)

      Nicholas now moves for leave to amend a second time. (Dkt. No. 88.) Defendants oppose the motion, and, following a flurry of letters, the Court heard oral argument on the question of whether the proposed second amended complaint runs afoul of a settlement and signed release in another action. (*See* Dkt. No. 93; Dkt. No. 94; Dkt. No. 95.) For the reasons that follow, Nicholas's motion for leave to amend is granted in part and denied in part.

**I.    Background**

      Familiarity with this case's history and its factual background is presumed and is discussed in more detail in this Court's Opinion and Order of February 27, 2017. *See Nicholas v. City of N.Y.*, No. 15 Civ. 9592, 2017 WL 766905 (S.D.N.Y. Feb. 27, 2017). In sum, Nicholas

alleges that Defendants abridged his newsgathering and revoked his press credential on October 30, 2015 (and then failed to return the credential or provide Nicholas a fair hearing in the weeks and months that followed). In his first amended complaint, Nicholas also chronicled several other run-ins with Defendants to provide a factual basis for his *Monell* claims.

Procedurally, as relevant here, on February 27, 2017, this Court denied Defendants' motion to dismiss the operative first amended complaint. *See Nicholas*, 2017 WL 766905. In its Opinion and Order denying Defendants' motion, the Court included the following footnote:

> Nicholas also discusses [Deputy Commissioner, Public Information ("DCPI") Lieutenant Eugene] Whyte as a putative defendant, but has failed to name Whyte in the caption or to serve him. Any claims against Whyte, to the extent Nicholas purports to assert them, are therefore dismissed without prejudice based on failure to serve. Nicholas may seek leave to amend his pleadings to include Whyte if he wishes.

*Id.* at *4 n.1 (internal citations omitted). Thereafter, Nicholas moved for leave to file a second amended complaint. (Dkt. No. 88.)

The proposed second amended complaint (Dkt. No. 88-1 ("SAC")) makes several changes to the pleadings: It adds Whyte to the caption as a defendant and lists him as a party (*id.* ¶ 14); it describes Whyte as "approv[ing], acquesc[ing] to, condon[ing] and enforce[ing]" the alleged policy of abridging newsgathering, a claim previously brought against other Defendants (*id.* ¶ 8; FAC ¶ 6); it includes some additional description of Whyte's conduct across the incidents of abridged newsgathering (*see* SAC ¶¶ 6-7); and it purports to bring new causes of action against Whyte arising from run-ins on September 17, 2014, and January 4, 2015, separate and apart from the October 30, 2015, incident at the heart of this case (*id.* ¶¶ 162-63).

## II. Legal Standard

"The Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "This permissive standard is

consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "Motions to amend should therefore be denied only for good reasons, including undue delay, bad faith or dilatory motive, undue prejudice to the non-moving party, or futility." *Gordon v. City of N.Y.*, No. 14 Civ. 6115, 2016 WL 4618969, at *3 (S.D.N.Y. Sept. 2, 2016) (citing *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)). *Pro se* submissions, in particular, must be construed liberally and read "to raise the strongest arguments they suggest." *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003).

### III. Discussion

Defendants oppose Nicholas's motion for leave to amend on futility grounds—they argue chiefly that the *res judicata* effect of the settlement terms in another case brought by Nicholas in this District against some of the same Defendants (as well as a general release he signed in connection with that case) precludes the claims he seeks to add to this action. (Dkt. No. 89.) *See Nicholas v. City of N.Y.*, No. 15 Civ. 9896. Nicholas, for his part, argues that the settlement he agreed to was not so broad as to prevent the amendments he proposes in his second amended complaint here and that the general release he signed in connection with that case was not valid. (Dkt. No. 93; Dkt. No. 95.)

In settling the earlier suit against the City of New York, the Stipulation of Settlement, dated October 17, 2016, provides that the City of New York agrees to pay Nicholas $10,000, and:

> [I]n consideration for the payment of this sum, [Nicholas] agrees to dismissal of all the claims against the defendants and to release defendants City of New York . . . and all . . . *agents of the City of New York or any entity represented by the Office of the Corporation Counsel,* from a*ny and all liability, claims, or rights of action* alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims

3

for costs, expenses, and attorneys' fees, with the exception of claims or rights of action that have already been pled in . . . Jason Nicholas v. William Bratton et al.[,] 15 CV 9592 (JPO).

(Dkt. No. 92-1 (emphasis added).) (Nicholas also signed a General Release on October 17, 2016, reiterating the same. (Dkt. No. 92-2.))

Stipulations of settlement are "subject to settled principles of contractual interpretation." *Tobin v. Gluck*, 137 F. Supp. 3d 278, 293 (E.D.N.Y. 2015) (quoting *McCoy v. Feinman*, 99 N.Y.2d 295, 302 (2002)), *aff'd*, No. 15 Civ. 3500, 2017 WL 1163296 (2d Cir. Mar. 28, 2017). Because they provide predictability and assurance that courts will honor the parties' prior agreements, "[s]tipulations of settlement are favored by the courts and not lightly cast aside." *Id.* (alteration in original) (quoting *Hallock v. State*, 64 N.Y.2d 224, 230 (1984)).

Here, the terms of the stipulation (and accompanying release) are clear: In consideration of the $10,000 settlement award, Nicholas agreed to release the City of New York, its agents, and any individuals represented by its counsel, from liability for all actions up until October 17, 2016. The only carve-outs from this broad release were the allegations *already pleaded in this action* at the time the parties reached their settlement—that is, the allegations in the first amended complaint, which was deemed the operative complaint in this action on August 5, 2016, two months prior to the settlement. (Dkt. No. 51.)

While Whyte was not captioned as a Defendant or listed as a party in the first amended complaint, this Court—in denying the motion to dismiss that complaint—acknowledged that Whyte fairly *appeared* to be part of Nicholas's claims. *See Nicholas*, 2017 WL 766905, at *4 n.1. In fact, in the first amended complaint, Nicholas listed Whyte as a putative defendant in one cause of action. (FAC ¶ 159 (alleging that Whyte violated Nicholas's First, Fourth, and Fourteenth Amendment rights).) And Nicholas's inclusion of Whyte in the cause of action,

elsewhere in the pleadings, and in the briefing on the motion to dismiss led the Court to *invite* Nicholas to seek leave to amend to properly name Whyte as a Defendant. *See Nicholas*, 2017 WL 766905, at *4 n.1. To that end—and taking seriously the obligation to construe *pro se* filings liberally, *see Ortiz*, 323 F.3d at 194—the Court finds that claims against Whyte in connection with the events and aftermath of October 30, 2015, were constructively pleaded in this action at the time of the settlement (and associated release). (SAC ¶¶ 6-8, 14, 164.)

But the Court recognizes that the proposed second amended complaint represents a significant departure from earlier complaints in this action by adding two new causes of action against Whyte, stemming from incidents separate and apart from those at the heart of this case. These incidents—which occurred on September 17, 2014, and January 4, 2015—fall within the time period covered by the Stipulation of Settlement (and General Release) in Nicholas's parallel case, and were not before this Court as independent bases of causes of action (except as predicates for *Monell* liability) when the Stipulation of Settlement was entered in Nicholas's other action. Defendants acknowledge the distinction between these new allegations and other, previous allegations against Whyte. (*See* Dkt. No. 89 at 10 ("[T]here is a big difference between pleading these other incidents [involving Whyte] as support for the claims already pled herein arising out of the October 30, 2015 incident, which is what plaintiff had done [in the first amended complaint], and what plaintiff may be attempting to argue now, namely that he had already made claims herein arising out of those other incidents.").) To that end, they agreed, as a resolution of this dispute, to allow allegations to be pleaded as against Whyte only with respect to the incidents on October 30, 2015. (Oral Arg. Tr. at 14:5-19.)

Because claims arising out of the September 2014 and January 2015 incidents involving Whyte were not before this Court at the time of the Stipulation of Settlement in Nicholas' other

action against the City, and because they are covered by the broad language of the Stipulation of Settlement, Nicholas may not amend his complaint to add the putative Fourth and Fifth Causes of Action against Whyte. (SAC ¶¶ 162, 163.)[1] However, any additional factual description surrounding those events—and Whyte's involvement in them—may stand, as they represent factual support for the *Monell* claims that had already been pleaded in this action in the first amended complaint.

**IV.     Conclusion**

Plaintiff's motion for leave to file an amended complaint is therefore GRANTED IN PART and DENIED IN PART. The proposed amended complaint at Docket Number 88-1, not including the Fourth and Fifth Causes of Action at Paragraphs 162 and 163, is hereby deemed the operative complaint in this action and deemed filed with the Court.

The Clerk of Court is directed to close the motion at Docket Number 88.

SO ORDERED.

Dated: June 12, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*

---

[1] The Court need not address the validity of the General Release, which Nicholas contests, because it finds that the terms of the Stipulation of Settlement cover these additional putative claims against Whyte.