UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON B. NICHOLAS,
       Plaintiff,

-v-

WILLIAM BRATTON, et al.,
       Defendants.

15-CV-9592 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

 Defendant Eugene Whyte was added as a defendant while this case was already in progress. He moves to dismiss under Rule 12(b)(5), arguing that service was untimely. For the reasons that follow, the motion is denied.

**I. Legal Standard**

 Rule 4(m) of the Federal Rules of Civil Procedure requires a defendant to be served with the summons and complaint within 90 days after the complaint is filed. However, courts must excuse untimely service if good cause is shown. *Id.* To determine whether a plaintiff has demonstrated good cause, courts generally consider three factors: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff had moved for an extension of time to serve. *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 392 (S.D.N.Y. 1999).

**II. Discussion**

 Nicholas has shown good cause to excuse the late service on Defendant Whyte. First, at the time Whyte was added, Nicholas was still proceeding *pro se*. While the Court had issued an order of service when this suit was initially filed (*see* Dkt. No. 7), it did not do so again when it approved the addition of Whyte as a defendant. Given that Nicholas may have reasonably

1

expected the Court to issue a second order of service, Nicholas's initial failure to act is excusable. *See Jones v. Westchester Cty.*, 182 F. Supp. 3d 134, 144 (S.D.N.Y. 2016).

Second, Nicholas encountered a technical issue that prevented him from obtaining a summons. Specifically, when granting the motion to file a Second Amended Complaint, the Court deemed the attached exhibit as the operative complaint. (*See* Dkt. No. 99 at 6.) However, the Court's electronic filing system requires a standalone complaint in order to issue a summons (i.e., the complaint must be filed under its own docket entry). The Court eventually remedied the defect by ordering that the Complaint be refiled (*see* Dkt. No. 125), but Nicholas's counsel made a good-faith effort to remedy the problem in the interim. *See Castro v. Manhattan E. Suite Hotel*, No. 01 Civ. 7912, 2002 WL 426221, at *2 (S.D.N.Y. Mar. 19, 2002). Accordingly, there is good cause to excuse the untimely service.

### III. Conclusion

For the foregoing reasons, Whyte's motion to dismiss is DENIED. The Clerk of Court is directed to close the motion at Docket Number 134.

SO ORDERED.

Dated: February 23, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge